IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ROY JOE KAISER also known as Big Bro                                    PLAINTIFF

v.                                        Civil No. 5:23-CV-05117-TLB-CDC

CAPTAIN GAGE, Benton County Detention
Center (BCDC); and SGT. JORDIN BEARD,
BCDC                                                                   DEFENDANTS


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to comply with multiple court orders.

### I.      BACKGROUND

On July 13, 2023, Plaintiff, a prisoner, initiated this action, generally alleging that the Defendants applied excessive force against him while he was detained at the Benton County Detention Center ("BCDC").  (ECF No. 1).  That same day, this Court directed the Clerk to docket Plaintiff's Complaint and ordered Plaintiff to either pay the full filing fee or submit a complete *in forma pauperis* ("IFP") application, including a signed certificate of inmate account and assets, by August 3, 2023, failing which it would be recommended that this matter be dismissed for failure to prosecute.  (ECF No. 3).  On July 24, 2023, Plaintiff submitted a complete IFP application and an amended complaint.  (ECF Nos. 5 & 6).  That same day, this Court granted Plaintiff's application to proceed IFP.  (ECF No. 7).  That order also reminded Plaintiff of his obligation to

inform the court of any change of address within thirty days of any such change, failing which this matter would be subject to dismissal. *Id.*

Also on July 24, 2023, Plaintiff filed a motion to further amend his complaint. (ECF No. 9). That order was granted, and Plaintiff was directed to file his amended complain by no later than August 15, 2023, failing which this matter may be subject to dismissal for failure to comply with the Court's orders. (ECF No. 10). On August 3, 2023, Plaintiff filed his Second Amended Complaint. (ECF No. 11). On that same day, Plaintiff also filed a Motion Requesting Information, (ECF No. 12), a Motion to Appoint Counsel, (ECF No. 13), and a Motion to Suppress, (ECF No. 14). On August 8, 2023, this Court ordered that the Second Amended Complaint be served on the Defendants, certified mail, return receipt requested. (ECF No. 15). In that order, the Court directed Defendant Gage to identify the deputy who assisted him in placing Plaintiff in a holding cell on June 14, 2023. *Id.* On August 9, 2023, this Court denied Plaintiff's pending motions and directed the Clerk's office to send him a copy of the court-approved Prisoner Litigation Guide. (ECF No. 17). On August 14, 2023, Plaintiff filed a Motion for Miscellaneous Relief. (ECF No. 18). That motion was denied on August 16, 2023. (ECF No. 19).

On September 11, 2023, Defendant Gage filed an Answer to the Second Amended Complaint, (ECF No. 21), but failed to identify the name of the deputy who assisted Defendant Gage in placing Plaintiff in a holding cell on June 14, 2023, as previously ordered. Thus, this Court ordered Defendant Gage to show cause why he should not be found in contempt for failing to comply with the court's order. (ECF No. 22). Defendant Gage responded to the Court's show cause order that same day, identifying Sgt. Jordin Beard as that individual. (ECF No. 23). Based on this information, this Court then ordered that Sgt. Beard be served with a copy of the Second Amended Complaint. (ECF No. 24). Upon receipt of Defendant Beard's Answer, (ECF No. 28),

this Court issued a bench order directing the Defendants to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) *or* promptly file a notice stating the Defendants did not intend to pursue such a defense.  (ECF No. 29).  The motion for summary judgment deadline was December 4, 2023.  *Id.*

On December 4, 2023, Defendants filed a Motion for Partial Summary Judgment and Memorandum and Statement of Facts in support.  (ECF Nos. 30-32).  This Court then issued an order directing Plaintiff to respond to the Motion for Summary Judgment and providing instruction on how to respond.  (ECF No. 33).  Plaintiff's response was due December 26, 2023.  *Id.*  This Order was mailed to Plaintiff at his last known address and was not returned as undeliverable.

When that deadline passed and Plaintiff failed to respond or communicate with the Court in any way, this Court entered an order directing Plaintiff to show cause why this matter should not be dismissed for failure to prosecute.  (ECF No. 34).  The show cause response was due January 23, 2024.  *Id.*  That order was not returned as undeliverable.  That deadline has also now passed, and Plaintiff has not responded.  In fact, the Plaintiff has not communicated with the Court in any way since he filed a motion for miscellaneous relief on August 14, 2023.  (ECF No. 18).

## II.      LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).   Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.      ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's order directing him to respond to the Defendants' Motion for Summary Judgment, (ECF No. 33), and the Court's show cause order.  (ECF No. 34).  These orders were not returned as undeliverable.  Plaintiff has failed to prosecute this case.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

The only question is whether it should be dismissed *with* or *without* prejudice.  To order dismissal with prejudice under Rule 41(b) "is a drastic sanction which should be exercised sparingly."  *Brown*, 806 F.2d at 803 (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)).  That said, "the district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff."  *Id.* (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985) (internal quotations omitted)).

In considering a Rule 41(b) dismissal with prejudice, the Court must balance: (1) "the

4

degree of [Plaintiff's] egregious conduct;" and, to a lesser extent, (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). Upon review of a dismissal with prejudice, moreover, the Eighth Circuit considers: "whether in the particular circumstances of the case the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant his day in court." *Id*. (internal quotation omitted). However, "the district court need not have found that [plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id*.

This case has only been pending for approximately six months.  Although Plaintiff has failed to prosecute this case and comply with the Court's Orders, the Court does not find dismissal with prejudice is warranted.  While Defendants have filed a Motion for Summary Judgment, the motion only addresses the issue of exhaustion of administrative remedies.  Further, no resources have been expended on lengthy discovery or litigation at this juncture.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this Court recommends that Plaintiff's Second Amended Complaint, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

### IV.      CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Second Amended Complaint (ECF No. 11) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger de novo review by the district court.

**STATUS OF REFERRAL: NO LONGER REFERRED**

DATED this 26th day of January 2024.

_Christy Comstock_
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE